UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

FILED

2004 APR 14 A 11: 46

U.S. DISTRICT COURT
HARTFORD, CT.

| | | |
|---|---|---|
| STEVEN EDELMAN | : | CIVIL ACTION |
| Plaintiff | : | NO.   3:00 CV 1166 (DJS) |
| vs. | : | |
| DAVID PAGE, ET AL | : | |
| Defendants | : | MARCH 31, 2004 |

**PLAINTIFF'S MOTION TO REOPEN AND REINSTATE CASE ON DOCKET**

Plaintiff respectfully moves to reopen the above-entitled matter and to reinstate same on the docket of this Court. In support of his Motion he states the following:

1. The plaintiff's case was previously dismissed on the grounds that his appeal of the underlying state matter was pending before the Connecticut Appellate Court, State v. Edelman, 64 Conn. App. 480 (2001) which reversed the judgment of the trial court and remanded the case for a new trial. The plaintiff appealed, following Connecticut Supreme Court's grant of certification to appeal, from the judgment of the Appellate Court reversing the trial court's judgment of conviction of violating the state building code, §29-263, and remanding the case for a new trial. *The Supreme Court issued its decision in* State v. Edelman, *262 Conn. 392 (2003).*

2. On October 24, 2003, the prosecutor, instead of proceeding with a new trial, nolled all the charges against plaintiff and the said nolle was a final disposition in favor of the plaintiff. In 1781, the Connecticut Supreme Court defined a nolle prosequi in this way: "Where the State's Attorney enters a nolle it is to be intended that there was no cause of action; and it is more conclusive than an acquittal of the Grand Jury." State v. Stanley, 2 Kirby 25 (1787). The state's discretionary power to enter a nolle has existed since colonial times. A nolle terminates the prosecution and removes the cause

of action from the court. A nolle may be entered by the state without the approval or acquiescence of the court; Connecticut still follows the common law rule as to the prosecution's power to nolle a case. See, State v. Main, 31 Conn. 572, 57 6 (1863); cf. State v. Stanley, 2 Kirby 25 (1787); cf. State v. Lloyd, 185 Conn. 199, 201 (1981); State v. Anonymous, 32 Conn. Sup. 501, 502 (1975), see generally **Function of Nolle Prosequi and Motion to Dismiss in Connecticut**, 36 Conn. Bar J. 159 (1962); Comment, Nolle Prosequi in Connecticut, 4 Conn. L. Rev. 117 (1971). Although a nolle and a dismissal have some doctrinal and procedural differences; in some legal respects they are treated as fungible[1] . See, e.g., State v. Gaston, supra, 198 Conn. 440 (nolle and dismissal treated same for purposes of speedy trial analysis); See v. Gosselin, 133 Conn. 158, 160-61, 48 A.2d 560 (1946) (nolle and dismissal treated same for purposes of subsequent action for malicious prosecution). See, also, Cislo v. Shelton, *240 Conn. 590 (1997)692 A.2d 1255*. In See v. Gosselin, 133 Conn. 158, 160-61, 48 A.2d 560 (1946) the Supreme Court declared "...the effect of the nolle was to release the accused from custody; he could no longer be held under arrest. "Discharge" means no more than release from custody. 1 Bouvier, Law Dictionary (3d Rev.), p. 878. When we made "discharge" a condition of bringing an action of malicious prosecution, it signified the termination of the particular prosecution. ***It is not necessary that the accused should have been acquitted. It is***

---

[1] As ordinarily understood, the two terms carry certain procedural and doctrinal differences. A dismissal is an act of the court, whereas a nolle is, except when limited by statute or rule of practice; see, e.g., General Statutes § 54-56b and Practice Book § 726; a unilateral act by a prosecutor, which ends the "pending proceedings without an acquittal and without placing the defendant in jeopardy." State v. Lloyd, 185 Conn. 199, 201, 440 A.2d 867 (1981).

*sufficient if he was discharged without a trial under circumstances amounting to an abandonment of the prosecution without request from or by arrangement with him.* Brown v. Randall, 36 Conn. 56, 62; see Frisbie v. Morris, 75 Conn. 637, 639, 55 A. 9. Such a termination of the prosecution is sufficient ground for the institution of the action, but it does not, of itself, establish want of probable cause or malice, *which are to be determined at the trial upon all the facts*."     Here there is no evidence that the nolle entered in plaintiff's criminal case was a negotiated agreement, or a conditional dismissal, the plaintiff is able to sustain a required element of his malicious prosecution claim, that the previous criminal action termination in his discharge or in his favor. A prior action is deemed to have terminated in favor of the plaintiff in a vexatious suit action if it is shown either to have been adjudicated in his favor, by a verdict at trial or by a decision on a dispositive motion, or to have been abandoned by his opponent, "without request from or by arrangement with him." **See v.Gosselin**, 133 Conn. 158, 160 (1946) (holding that the unconditional, unbargained-for nolle of a criminal prosecution constituted the termination of the underlying prosecution in favor of the plaintiff).

WHEREFORE, plaintiff respectfully requests that this Court vacate its previous orders issued while the state court proceedings were pending, re-open the above-entitled matter and reinstate the case on the the docket.

PLAINTIFF

BY _____
Paul M. Ngobeni; ct 08187
**LAW OFFICES OF PAUL M. NGOBENI**
914 Main Street, Suite 206
East Hartford, CT 06108
Telephone (860) 289-3155
Facsimile (860) 282-7479

## CERTIFICATION

This is to certify that a copy of the foregoing was mailed first-class on April 9, 2004 to the following counsel:

a) for David Page:   Marcia Gleeson, Esquire
Sack, Spector, and Karsten
836 Farmington Avenue
West Hartford, Connecticut 06119; and

b) for Donald Schultz and Walter Pawelkiewicz:

Jon S. Berk, Esquire
Gordon, Muir, and Foley
Hartford Square North
Ten Columbus Boulevard
Hartford, Connecticut 06106-5123.

_____
Paul M. Ngobeni