UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

STEVEN EDELMAN,                    :    CIV. NO. 3: 00CV1166(DJS)
    Plaintiff,

vs.

DAVID PAGE,                        :    APRIL 14, 2004
    Defendant.

**OBJECTION TO PLAINTIFF'S MOTION
TO REOPEN AND REINSTATE CASE ON DOCKET**

On April 5, 2004, Attorney Paul M. Ngobeni entered his appearance for plaintiff Steven Edelman, together with plaintiff's Motion to Reopen and Reinstate Case on Docket. Neither document was properly certified to the undersigned, nor to any other defense counsel of record. Fortunately, the defendant received notification through PACER.

Defendant Page hereby objects to plaintiff's motion to reopen, as it is untimely filed, and it is unsupported in law or in fact.

On May 25, 2001, the Court, Squatrito, J., issued the following order:

> Pursuant to a Court Order dated February 13, 2001 (Doc. #60), the Court hereby dismisses this case **without prejudice** to being reopened on or before **September 30, 2001,** or thirty (30) days after the resolution [of] the plaintiff's appeal of his criminal conviction, whichever

> occurs first. **After September 30, 2001** the dismissal shall be **with prejudice**. This dismissal is without costs to either party. The Clerk is hereby directed to **close this case**.

(emphasis in original.)

Thereafter, on or about August 20, 2001, the plaintiff moved to reopen the case without having resolved the underlying criminal action. On August 23, 2001, the Court, Squatrito, J., denied that motion to reopen without prejudice. The Court's ruling stated: "The Court notes that the plaintiff's appeal of the underlying State matter has not yet been fully resolved so the terms of the original order are still applicable."

It is clear that under the terms of the Court's aforementioned orders, the dismissal was entered without prejudice only if plaintiff moved to reopen the case within thirty days after the resolution of the plaintiff's criminal appeal. This the plaintiff entirely failed to do.

Plaintiff's motion to reopen states that after the Appellate Court reversed plaintiff's conviction and remanded the case for a new trial, the prosecutor instead nolled all charges against the plaintiff on October 24, 2003. Plaintiff's motion further

represents that the nolle entered on October 24, 2003 was "a final disposition." According to the terms of the Court's order, the judgment was entered with prejudice unless the plaintiff moved to reopen the judgment within thirty days of October 24, 2003, the date of the disposition of the criminal action. The plaintiff entirely failed to comply with the court's order, instead delaying nearly six months after the disposition of the criminal charge to file the instant motion.

Accordingly, the final judgment of the Court should not be opened.

Based on the foregoing, the defendant's objection should be sustained.

```
                              DEFENDANT,
                              Deputy Sheriff David Page




                        BY_____
                              Marcia J. Gleeson
                              Federal Bar No.: ct05303
                              Sack, Spector & Karsten
                              836 Farmington Avenue
                              West Hartford, CT 06119
                              860-233-8251  860-232-8736
                              mgleeson@sackspec.com
                              His Attorney
```

-4-

## **CERTIFICATION**

      This is to certify that a copy of the foregoing was mailed, postage prepaid, this 14th day of April, 2004 to the following counsel or pro se parties of record:

Jon S. Berk, Esquire  
Gordon, Muir & Foley, LLP  
Hartford Square North  
Ten Columbus Boulevard  
Hartford, CT  06106

Kevin Michael Tighe, Esquire  
Reid & Riege, PC  
One State Street, 18th Floor  
Hartford, CT  06103

Paul M. Ngobeni, Esquire  
914 Main Street, Suite 206  
East Hartford, CT  06108

                                                       _____  
                                                          Marcia J. Gleeson