**UNITED STATES DISTRICT COURT**
**for the**
**DISTRICT OF CONNECTICUT**

| | |
|---|---|
| STEVEN EDELMAN | : CIVIL ACTION NO. 3-00-1166 (DJS) |
|     Plaintiff | : |
| | : |
| VS. | : |
| | : |
| DAVID PAGE, ET AL | : |
|     Defendants | : APRIL 16, 2004 |

**DEFENDANTS' OBJECTION TO**
**PLAINTIFF'S MOTION TO REOPEN AND REINSTATE**

NOW COME Defendants, Donald Schultz and Walter Pawelkiewicz, by and through counsel, and hereby OBJECT to plaintiff's motion to reopen and reinstate this matter as follows:

I.    Procedural Insufficiency

Initially, plaintiff's Motion must be denied for failure to comply with F.R.C.P. 5(a). The motion was not served, as required by the Rule, upon the other parties with appearances in the file. Undersigned counsel was alerted to the filing only by e-mail via PACER and conversation with counsel for co-defendant.

II. <u>Substantive Insufficiency</u>

  Additionally, it is telling that plaintiff cites no procedural rule or other authority upon which he bases his prayer that the instant matter be resurrected. There is none. Per Order of Judge Squatrito on May 25, 2001, this matter was dismissed with prejudice on September 30, 2001. Plaintiff's original motion to reopen, dated August 20, 2001, was denied by Judge Squatrito on August 23, 2001. Even if one were to ignore the 9/30/01 absolute deadline contained in Judge Squatrito's 5/25/01 Order, dismissal was also, per that Order, to be **<u>with prejudice</u>** "thirty (30) days after resolution (sic) the plaintiff's appeal of his criminal conviction". Plaintiff's conviction was vacated by the Appellate Court on July 24, 2001. *State v. Edelman*, 64 Conn. App. 480 (2001). Plaintiff thereafter sought further review from the Connecticut Supreme Court. *State v. Edelman*, 262 Conn. 392 (2003). The Supreme Court opinion was released February 18, 2003. Thirty days from that date was March 18, 2003. Even had Judge Squatrito's 5/25/01 Order not contained the words "whichever comes first", therefore, dismissal of this matter was with prejudice no later than March 18, 2003.

  Plaintiff urges, in his March 31, 2004 Motion, the date of the prosecutor's entry of a nolle on all charges against plaintiff rather than retrial, October 24, 2003, as the date of resolution of his appeal. Even were such an attenuated interpretation applied to analysis of the date at which his appeal were to be considered resolved, dismissal would, had Judge Squatrito's 5/25/01 Order not

contained the words "whichever comes first", have been with prejudice no later than November 24, 2003.  Giving the facts and circumstances the most charitable reading possible, and ignoring limiting language in Judge Squatrito's 5/25/01 Order, the instant Motion comes more than four months too late to do anything.  This case was dismissed with prejudice more than two and one-half years ago.  Dismissal with prejudice "is a complete adjudication and a bar to a further action between the parties" 9 Charles Alan Wright & Arthur R. Miller, <u>Federal Practice and Procedure</u> 2364, at 277 (2d ed.1994).

WHEREFORE, for all of the foregoing reasons, the Plaintiff's Motion to Reopen must be DENIED.

DEFENDANTS:

By_____
          JON BERK
          **Gordon, Muir & Foley, LLP**
          Federal Bar No. 04239

## **C E R T I F I C A T I O N**

       This is to certify that a copy of the foregoing was mailed to the following counsel of record on April 16, 2004.

Paul M. Ngobeni, Esquire
914 Main Street, Suite 206
East Hartford, CT 06108

Marcia J. Gleeson, Esquire
Sack, Spector & Karsten
836 Farmington Ave., Suite 221
West Hartford, CT 06119

Kevin Michael Tighe, Esquire
Reid & Riege PC
One State Street, 18th Floor
Hartford, CT 06103-3185

AAG Matthew Beizer, Esquire
Attorney General's Office, Mackenzie Hall
110 Sherman Street
Hartford, Connecticut 06105

                                                                   JON S. BERK

Clerks Office
United States District Court
District of Connecticut
450 Main Street
Hartford, Connecticut 06103