UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| **STEVEN EDELMAN** | : | CIVIL ACTION |
|    Plaintiff | : | NO.   3:00 CV 1166(DJS) |
|    vs. | : | |
| **DAVID PAGE, ET AL** | : | |
|    Defendants | : | AUGUST 18, 2004 |

**PLAINTIFF'S MOTION TO RECONSIDER AND VACATE DECISION DENYING MOTION TO REOPEN AND REINSTATE CASE ON DOCKET**

     Plaintiff  respectfully moves to that this Court reconsider and vacate its decision denying his motion to reopen the above-entitled matter and to reinstate same on the docket of this Court.   In support of his Motion he states the following:

    1.    **This Court Improperly Declined To Exercise Jurisdiction Over Plaintiff's Claims Unrelated To The Malicious Prosecution Claim:**

This Court violated the precepts set forth by the Second Circuit in <u>Singleton v. City of New York</u>, 632 F.2d 185, (2d Cir. 1980) which address specifically the permissible course of action by a District Court ruling on a Section 1983 action requiring it to adjudicate constitutional issues which are relevant to the disposition of pending state criminal charges. The <u>Singleton</u> Court stated that "As suggested by the Fifth Circuit, the better course in situations where the district court *feels compelled to abstain is to stay,rather than dismiss, the § 1983 action so that the plaintiff is protected from a possible statute of limitations bar to the §1983 suit*. <u>Conner v. Pickett</u>, 552 F.2d 585 (5th Cir. 1977) (per curiam); see also <u>Mastracchio v. Ricci</u>, 498 F.2d 1257 (1st Cir. 1974), *cert. denied*, 420 U.S. 909, 95 S.Ct. 828, 42 L.Ed.2d 838 (1975) (§ 1983 suit stayed "by agreement of counsel" pending outcome of state criminal proceedings); <u>Fulford v. Klein</u>, 529 F.2d 377, 382 (5th Cir. 1976), *affd. en banc,* 550 F.2d 342 (5th Cir. 1977).

Accord, *Zurek v. Woodbury,* 446 F.Supp. 1149, 1152 (N.D.Ill. 1978)." (emphasis added).

In this case, this Court expressly denied the plaintiff his day in court through a series of rulings which were arbitrary and contrary to established Second Circuit precedent.  A  February 13, 2001 Order issued pursuant to a February 1, 2001 Planning Conference states that  "the Court will dismiss this case without prejudice to being reopened either on or before September 30, 2001, or thirty (30) days after the resolution the [sic] plaintiff's appeal of his criminal conviction, **whichever occurs first**.  After September 30, 2001, this dismissal shall be with prejudice."   To the extent that the Court was contemplating a dismissal of the case on the grounds that it would be inappropriate for a federal court to adjudicate constitutional issues which are relevant to the disposition of pending state criminal charges, the court clearly abused its discretion in dismissing the case **with prejudice** instead of following the **"better course"** prescribed by the Second Circuit.

A  May 25, 2001 Order issued pursuant to the February 13, 2001 Order states that "the Court hereby dismisses this case **without prejudice** to being reopened either on or before **September 30, 2001**, or thirty (30) days after the resolution the [sic] plaintiff's appeal of his criminal conviction, whichever occurs first.  **After September 30, 2001**, this dismissal shall be **with prejudice**.  The Clerk is hereby directed to **close this case**."  An August 25, 2001 Order issued pursuant to an August 20, 2001 Motion to Reopen states "DENIED, without prejudice.  The Court notes that the plaintiff's appeal of the underlying state matter has not yet been fully resolved so that the terms of the original order are still applicable".   Even though plaintiff had prevailed on the Conn.Gen. Stat. sect. 53a-116 charge involving David Page, the court purported to lack jurisdiction over

the plaintiff's entire case based solely on an appeal of a conviction on one charge Conn. Gen. Stat. 29-263.  The Court completely ignored the fact that plaintiff was asserting a false arrest and other claims which had nothing to do with the underlying appeal.

The Court has now used its own abstention or failure to exercise jurisdiction to deprive plaintiffs of any constitutional right of access to the courts.  The court's own undue delay in adjudicating the case solely on the basis of an appeal on a collateral matter is tantamount to a failure to exercise jurisdiction, see, e.g., McClellan v. Young, 421 F.2d 690 (6th Cir. 1970).   It is true that a plaintiff may not maintain a malicious prosecution action until he has received a favorable resolution of the prior action that forms the basis of the malicious prosecution claim. Bowmar Instrument Corp. v. Continental Microsystems, Inc., 497 F. Supp. 947, 960 (S.D.N Y 1980).  The requirement that a malicious prosecution action must await a favorable resolution of the prior action including appeals rests on sound public policy. Otherwise a defendant, merely by being sued, could retaliate in every case with a malicious prosecution action. Such retaliatory suits would constitute "a waste of judicial resources. . . . [and] would create a situation where litigation could conceivably continue *ad infinitum* with each party claiming that the opponent's previous action was malicious and meritless." Curiano v. Suozzi, supra, 63 N.Y.2d at 119, 480 N.Y.S.2d at 469-70, 469 N.E.2d at 1328.   However, a plaintiff claiming to be a victim of false arrest on some claims on which he prevailed at trial need

not await the outcome of all appeals before filing his suit in court.[1] It was clear error to even mention dismissal of the plaintiff's case with "prejudice" or to allow the reopening of his case only on the terms outlined by the Court as state above. The State of Connecticut accused the Plaintiff of committing CGS 53a-116 criminal mischief and failing to obtain a building permit under CGS 29-263. The Plaintiff prevailed in the criminal mischief matter on October 22, 1999. The Court lacked authority to close the Plaintiff's case simply because a single, unrelated count against the Plaintiff remained outstanding.

**2.    The Court's Order Denying the Motion To Reopen Is Clearly Erroneous, Arbitrary, Capricious And Invites Unnecessary Appeals and Waste of Judicial Resources.**

An August 4, 2004 Order issued pursuant to plaintiff's most recent Motion to Reopen states that "the plaintiff had a window of time in which a motion to reopen his case could be filed. That window closed, at the very latest, on November 24, 2003". That is false in that no such window was ever installed by this Court. The Court's

---

[1] The Second Circuit has stated that in some circumstances, a §1983 claim for false arrest does not accrue until the resulting criminal proceeding has terminated. See Woods v. Candela, 47 F.3d 545, 546 (2d Cir. 1995). In Covington v. City of New York, 171 F.3d 117, 119 (2d Cir. 1999), the Second Circuit held that the determination of the accrual date for a false arrest claim depends on "whether a judgment in [a plaintiff's] favor on the false arrest claim would have undermined the validity of any potential conviction in the criminal proceedings against [him/her]." Thus, "where the only evidence for conviction was obtained pursuant to an arrest, recovery in a civil case based on false arrest would necessarily impugn any conviction resulting from the use of that evidence." Id. at 123. In that situation, a cause of action for false arrest does not accrue until the prosecution is terminated. Id. If, however, other independent evidence not related to the claimed false arrest supported the conviction, a successful result in a section 1983 false arrest action would not necessarily invalidate the conviction and the cause of action for the false arrest claim would accrue at the time of the arrest. See id. In Covington, the Second Circuit was unable to determine from the record whether the validity of a possible conviction of the plaintiff would be affected by recovery on the false arrest claim. Id. The court remanded the case to enable the district court to determine when the plaintiff's cause of action for false arrest accrued. Id. Covington was based on an application of New York state law to the elements of a §1983 false arrest claim. New York law does not require that the criminal prosecution be resolved in the plaintiff's favor as an element of a claim for false arrest. However, the Second Circuit held in Roesch v.Otarola, 980 F.2d 850 (2d Cir. 1992), that this element is part of a false arrest claim under Connecticut law and thus is imported into a §1983 false arrest claim in this District. As a result, the accrual of a cause of action in the District of Connecticut for false arrest under § 1983 occurs only when this element is also satisfied. But see Weyant v. Okst, 101 F.3d 845, 853 (2d Cir. 1996) (pointing out that whether favorable termination of the criminal proceedings is an element of a §1983 false arrest claim in Connecticut is not "clearly settled").

tortured interpretation of its own orders clearly underscores the arbitrary nature of its decision.  An August 25, 2001 Order issued pursuant to an August 20, 2001 Motion to Reopen states "DENIED, without prejudice.  The Court notes that the plaintiff's appeal of the underlying state matter has not yet been fully resolved so that the terms of the original order are still applicable".  The Court used the underlying appeal as a reason to dismiss the case in the first place and yet set arbitrary deadlines for a motion to reopen that were impossible to meet.  By what magical act of the plaintiff could he force the Appellate Court to adjudicate his appeal before September 30, 2001?  All orders previous to the August 4, 2004 Order state or affirm that "the Court hereby dismisses this case without prejudice to being reopened either on or before September 30, 2001, or thirty (30) days after the resolution the [sic] plaintiff's appeal of his criminal conviction, *whichever occurs first*" (emphasis added).

In any event, "*After September 30, 2001*, this dismissal shall be with prejudice" (emphasis added).   September 30, 2001 occurred a long time before the October 24, 2003 resolution (favorable) of the plaintiff's appeal of his criminal conviction.  The Court statement that a window of opportunity to file a Motion to Reopen existed after September 30, 2001 is PLAIN ERROR and finds no support in any of its previous rulings.

      The Court placed Plaintiffs at an unfair and severe disadvantage in comparison to the Defendants.   The Court holds the Plaintiff responsible for the slow pace at which State of Connecticut courts proceed.  Under such a scenario, a Connecticut State's Attorney could deprive an accused of civil rights remedy merely by stalling the prosecutorial process.  An accused plainly cannot lose Fourteenth Amendment due

process rights because State of Connecticut courts proceed slowly. The Court acted erroneously in dismissing the Plaintiff's case with prejudice after September 30, 2001 over matters totally beyond the Plaintiff's control.

Neither the Plaintiff nor the Plaintiff's counsel received the August 25, 2001 Order in the mail or otherwise. The filing of a September 30, 2001 Appearance by Defendant counsel Jon S. Berk indicates a problem with the recording of the August 25, 2001 Order in the Record and perhaps explains why the Plaintiff did not learn about the August 25, 2001 Order until a March 19, 2004 personal inspection of the file at the Court Clerk's office. Even if some Motion to Reopen filing deadline after September 30, 2001 existed, the Plaintiff had no knowledge about it.

A March 26, 2002 Order Returning Submission refers to a Second Amended Complaint. The Plaintiff last filed a Complaint on February 26, 2001 pursuant to the February 13, 2001 Order. The return of a phantom Complaint further points to some problem in the Record in recording documents.

**WHEREFORE**, plaintiff respectfully requests that this Court reconsider its decision denying the motion to reopen, vacate its previous orders issued while the state court proceedings were pending, reopen the above-entitled matter and reinstate the case on the the docket.     Said action is the only way to avoid a miscarriage of justice and certain but unnecessary appeal  to the Second Circuit.

**PLAINTIFF**

BY_<u>Paul M. Ngobeni</u>
Paul M. Ngobeni; ct 08187
**LAW OFFICES OF PAUL M. NGOBENI**
914 Main Street, Suite 206
East Hartford, CT 06108
Telephone (860) 289-3155
Facsimile (860) 282-7479

**CERTIFICATION**

    This is to certify that a copy of the foregoing was mailed first-class on August 18, 2004 to the following counsel:

a) for David Page:   Marcia Gleeson, Esquire
                        Sack, Spector, and Karsten
                        836 Farmington Avenue
                        West Hartford, Connecticut 06119; and

   b) for Donald Schultz and Walter Pawelkiewicz:

  Jon S. Berk, Esquire
  Gordon, Muir, and Foley
  Hartford Square North
  Ten Columbus Boulevard
  Hartford, Connecticut 06106-5123.

-<u>Paul M. Ngobeni</u>
Paul M. Ngobeni