UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| STEVEN EDELMAN, | : | CIV. NO. 3: 00CV1166(DJS) |
| Plaintiff, | | |
| vs. | : | |
| DAVID PAGE, | : | NOVEMBER 3, 2004 |
| Defendant. | | |

### OBJECTION TO PLAINTIFF'S MOTION TO RECONSIDER AND VACATE DECISION *NUNC PRO TUNC*

The defendant, David Page, hereby objects to Plaintiff's Motion to Reconsider and Vacate Decision Denying Motion to Reopen and Reinstate Case on Docket and requests that the court accept this objection *nunc pro tunc*, for the reasons hereinafter set forth.

I.  Plaintiff's motion must be denied for failure to comply with Federal Rule of Civil Procedure 5(a).  Plaintiff's motion was not served, as required by the Rule, upon the undersigned, nor upon the other parties with appearances in the file.  To date, the undersigned has never received service of plaintiff's motion dated August 18, 2004, and was notified of its filing solely through PACER notification of the docketing of plaintiff's motion on October 27, 2004.

II. Further, as it is clear that plaintiff's original Motion to Reopen and Reinstate was untimely filed and lacked any grounds that might serve as a basis for relief of the prior order dismissing the case with prejudice, the court was correct in denying the motion.

Despite the plaintiff's attempts to now mischaracterize the court's previous orders on this issue, a review of the plain language of the court's August 23, 2001 order resolves any claimed ambiguity regarding its application. On August 23, 2001, the court, Squatrito, J., denied plaintiff's motion to reopen without prejudice. The court's ruling stated: "The court notes that the plaintiff's appeal of the underlying state matter has not yet been fully resolved so the terms of the original order are still applicable." The plain meaning of the court's order was that the plaintiff could move to reopen the case within thirty days after the resolution of the plaintiff's criminal appeal. This the plaintiff entirely failed to do, instead delaying nearly six months after the disposition of the criminal charge to file a motion to reopen. No amount of legal posturing will change that simple fact, nor has plaintiff offered any grounds that might serve as a basis

for the court to vacate its decision denying plaintiff's motion to reopen.

Accordingly, plaintiff's motion to reconsider and vacate decision should be denied.

Based on the forgoing, the defendant's Objection to Plaintiff's Motion to Reconsider and Vacate should be sustained.

```
                              DEFENDANT,
                              Deputy Sheriff David Page



                         BY_____
                              Marcia J. Gleeson
                              Federal Bar No.: ct05303
                              Sack, Spector & Karsten
                              836 Farmington Avenue
                              West Hartford, CT 06119
                              860-233-8251  860-232-8736(fax)
                              mgleeson@sackspec.com
                              His Attorney
```

-4-

**<u>CERTIFICATION</u>**

This is to certify that a copy of the foregoing was mailed, postage prepaid, this 3rd day of November, 2004 to the following counsel of record:

Jon S. Berk, Esquire
Gordon, Muir & Foley, LLP
Hartford Square North
Ten Columbus Boulevard
Hartford, CT  06106

Kevin Michael Tighe, Esquire
1776 Boston Turnpike
Coventry, CT  06238

Paul M. Ngobeni, Esquire
914 Main Street, Suite 206
East Hartford, CT  06108

_____
Marcia J. Gleeson