**UNITED STATES DISTRICT COURT**
**for the**
**DISTRICT OF CONNECTICUT**

| | |
|---|---|
| STEVEN EDELMAN | : CIVIL ACTION NO. 3-00-1166 (DJS) |
|     Plaintiff | : |
| | : |
| VS. | : |
| | : |
| DAVID PAGE, ET AL | : |
|     Defendants | : NOVEMBER 4, 2004 |

**DEFENDANTS' OBJECTION TO**
**PLAINTIFF'S MOTION TO RECONSIDER AND VACATE DECISION DENYING MOTION**
**TO REOPEN AND REINSTATE**

NOW COME Defendants, Donald Schultz and Walter Pawelkiewicz, by and through counsel, and hereby OBJECT to plaintiff's motion to reopen and reinstate this matter as follows**:**

**I.    Procedural Insufficiency**

Initially, plaintiff's Motion must be denied for failure to comply with F.R.C.P. 5(a). Contrary to the certification at page 6 of the August 18, 2004 Motion, it was not served, as required by the Rule, upon the other parties with appearances in the file. Undersigned counsel was alerted to the filing only by e-mail via PACER. This has become a pattern with this plaintiff. Undersigned counsel respectfully suggests that, due to plaintiff's repeated failures to serve pleadings upon all parties, sanctions are appropriate pursuant to local rule 31.

Plaintiff's underlying Motion was governed by F.R.C.P. 60(b).  Such motions must be filed within one year of the judgment or order from which relief is sought.  Rule 60(b).  The Order at issue was entered May 25, 2001.  Plaintiff's Motion came over two years too late, with no explanation for its considerable tardiness.

## II.    Substantive Insufficiency

Plaintiff failed to file the subject Motion within one year of the Order, thereby waiving the opportunity to do so.  As the Court stated in its August 4, 2004 Order, even applying the most charitable conceivable construction to the May 25, 2001 Order, the latest Plaintiff could possibly be construed to have timely filed a Motion to Reopen would have been November 24, 2003.  He clearly failed to do so.

Dismissal with prejudice "is a complete adjudication and a bar to a further action between the parties" 9 Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure 2364, at 277 (2d ed.1994).

WHEREFORE, for all of the foregoing reasons, the Plaintiff's Motion for Reconsideration must be DENIED.

DEFENDANTS:

By_____
JON BERK
**Gordon, Muir & Foley, LLP**
Federal Bar No. 04239

## **C E R T I F I C A T I O N**

       This is to certify that a copy of the foregoing was mailed to the following counsel of record on November, 2004.

Paul M. Ngobeni, Esq.
914 Main Street, Suite 206
East Hartford, CT 06108

Marcia J. Gleeson, Esq.
Sack, Spector & Karsten
836 Farmington Ave.
West Hartford, Connecticut 06119

                                             JON S. BERK

Clerks Office
United States District Court
District of Connecticut
450 Main Street
Hartford, Connecticut 06103