EXHIBIT 1

MAY 13, 2008 BERK LETTER

MAY 21, 2008 REMAND ORDER

**G M ⊕ F**

GORDON, MUIR AND FOLEY, LLP
*Attorneys at Law*

Jon Berk, Esq.
jberk@gmflaw.com

May 13, 2008

Our File No. A24107

**VIA FAX TRANSMISSION**

Ann Vargas
USCA for the Second Circuit
Thurgood Marshall U.S. Court House
40 Foley Square
New York, New York 10007

Re: 04-5825-cv
    Edelman vs. Page

Dear Ms. Vargas:

This will confirm our telephone conference of May 13, 2008. To clarify, it is the agreement of the parties that the appeal may be sustained without cost and fees to any parties. The subject case is to be returned to the District Court to proceed upon the merits of the matter. The agreement among all counsel to have it returned to the District Court is based in part upon the arguments of the plaintiff. The parties do not intend by this agreement to indicate the presence of liability or lack of liability as to the defendants.

The parties simply, at this stage, are looking for the matter to proceed upon the merits in the District Court.

I misspoke when I stated that there were two filings by Attorney Jaffe. Indeed, there was only one.

Very truly yours,

JON BERK

{00510583.DOC}

Ten Columbus Boulevard, Hartford, CT 06106-1976    T. 860 525 5361    F. 860 525 4849    www.gmflaw.com

**MANDATE**

*CT / New Haven*
*00-CV-1166*
*Judge Squatrito*

## United States Court of Appeals
FOR THE
SECOND CIRCUIT

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 21ˢᵗ day of May, two thousand eight,

Present:

    Hon. Sonia Sotomayor,
    Hon. Richard C. Wesley,
    Hon. J. Clifford Wallace,*
        *Circuit Judges,*

[SEAL: UNITED STATES COURT OF APPEALS · FILED · MAY 21 2008 · Catherine O'Hagan Wolfe, Clerk · SECOND CIRCUIT]

Steven Edelman,

        Plaintiff-Appellant,

      v.

David Page, et al.,

        Defendants-Appellees,

John J. Lescoe, et al.,

        Defendants.

04-5825-cv

Plaintiff-appellant has moved for a summary remand, to which defendants-appellees consent. Although the parties appear to agree to a vacatur of the district court's judgment of dismissal, this Court has already held that we lack jurisdiction over all but the district court's November 16, 2004 order denying plaintiff-appellant's motion for reconsideration. Thus, we grant plaintiff-appellant's motion for a remand, but only with respect to the district court's November 16th order. On remand, the district court may consider, in the context of a motion pursuant to Fed. R. Civ. P. 60(b) and/or the district court's local rules, whether to vacate the judgment of dismissal. The parties shall pay their own costs and fees in connection with this appeal. The district court's November 16th post-judgment order is VACATED, and the case REMANDED for further proceedings.

A TRUE COPY
Catherine O'Hagan Wolfe, Clerk
by _____
DEPUTY CLERK

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

By: _____
Frank Perez, Deputy Clerk

\* The Honorable J. Clifford Wallace, of the United States Court of Appeals for the Ninth Circuit, sitting by designation.

ISSUED AS MANDATE: JUN 16 2008

EXHIBIT 2

OCTOBER 24, 2003 INFORMATION

**INFORMATION**
JD-CR-71 Rev. 2-96

STATE OF CONNECTICUT
**SUPERIOR COURT**

DISPOSITION DATE
10/22/99

| TITLE, ALLEGATION AND COUNTS | |
|---|---|

STATE OF CONNECTICUT VS. *(Name of Accused)*
STEVEN EDELMAN
ADDRESS
202 Scotland Road, Windham

G.A. NO.
11

DOCKET NO.
CR-98-102014S

The undersigned Deputy Assistant State's Attorney of the Superior Court of the State of Connecticut on oath of office complains, deposes, and alleges that said Deputy Assistant State's Attorney has reason to believe and does believe that:

TO BE HELD AT *(Town)*
Willimantic

COURT DATE
7-14-98

FIRST COUNT - DID COMMIT THE OFFENSE OF
Violation of State Building Code

| AT *(Town)* | ON OR ABOUT *(Date)* | IN VIOLATION OF GENERAL STATUTE NO. |
|---|---|---|
| Willimantic | 06-25-98 | 29-263 |

CONTINUED TO | PURPOSE | REASON

SECOND COUNT - DID COMMIT THE OFFENSE OF

| AT *(Town)* | ON OR ABOUT *(Date)* | IN VIOLATION OF GENERAL STATUTE NO. |
|---|---|---|
| | | |

THIRD COUNT - DID COMMIT THE OFFENSE OF

| AT *(Town)* | ON OR ABOUT *(Date)* | IN VIOLATION OF GENERAL STATUTE NO. |
|---|---|---|
| | | |

☐ SEE OTHER SHEET(S) FOR ADDITIONAL COUNTS

DATE
10-15-99

SIGNED *(Deputy Asst State's Attorney)*

| COURT ACTION | |
|---|---|

DEFENDANT ADVISED OF RIGHTS BEFORE PLEA     *(JUDGE)*     *(DATE)*

BOND      SURETY      ☐ 10%    ELECTION     *(Date)*
☐ CASH    ☐ CT  ☐ JY

☐ ATTORNEY  ☐ PUB. DEFENDER    GUARDIAN
M eisler

BOND CHANGE
$515

SEIZED PROP. INVENTORY NO.

| COUNT | PLEA DATE | PLEA | PLEA WITHDRAWN DATE | NEW PLEA | VERDICT FINDING | FINE | + REMIT | ADDITIONAL DISPOSITION |
|---|---|---|---|---|---|---|---|---|
| 1 | 7/14/98 | NG | | | G | $ 500 | $ | 90 days |
| | | | 10/22/99 AFTER TRIAL | | | | | By jury at 3:38 pm |
| 2 | | | | | | $ | $ | |
| 3 | | | | | | $ | $ | |

| DATE | OTHER COURT ACTION | PROBATION FEE IMPOSED | JUDGE |
|---|---|---|---|
| 10/15/99 | New info given to court | | |
| 10/22/99 | Memorandum of Laws given to court as trial to begin | | |
| 10/22/99 | Oral Motion to set aside verdict by Defense denied | | Foley, J. |
| 10/22/99 | Defendant given Right to Appeal | | |
| 10/25/99 | Motion to Set Appeal Bond | | Foley, J. |
| 10/25/99 | Defen Motion Granted and Defendant (See reverse) | | |

RECEIPT NO.

COST  ☐ IMP  ☐ NCI

BOND INFORMATION
☐ BOND FORFEITED  ☐ FORFEITURE VACATED  ☐ FORFEITURE VACATED AND BOND REINSTATED

| APPLICATION FEE - RECEIPT NO. IF PAID | CIRCLE ONE  W I Q | PROGRAM FEE - RECEIPT NO. IF PAID | CIRCLE ONE  W I Q | PROBATION FEE - RECEIPT NO. IF PAID | CIRCLE ONE  W I Q |
|---|---|---|---|---|---|

| STATE'S ATTY. ON ORIGINAL DISPOSITION | REPORTER/MONITOR ON ORIG. DISP. | SIGNED *(Clerk)* | SIGNED *(Judge)* |
|---|---|---|---|
| Braxton Currier | Levine | Fontaine | |

EXHIBIT 3

AUGUST 21, 2001
NGOBENI RETAINER AGREEMENT

**Law Offices of Paul M. Ngobeni**

914 Main St., Suite 206
East Hartford, CT. 06108

Also Admitted in MA. & NY.

Telephone: 860.289.3155
Telefax:  860.282.7479
email: ngobenilaw@aol.com

## RETAINER AGREEMENT FOR LEGAL SERVICES

In Re:    Edelman v. Page, Schultz et al.
          Edelman v. Lonnie Braxton et al.

Dear Mr. Edelman,

We appreciate the confidence that you have displayed in our firm by retaining us to represent your interests in the above-referenced cases.

This agreement obligates us to do everything that may be reasonably necessary to achieve the best possible result, including but not limited to, engaging in correspondence, telephone conferences, attending meetings and negotiating, drafting and finalizing the terms of a comprehensive settlement agreement, and representing you in Court.

To compensate us for the services that we shall render to you, you have agreed to pay us an up-front monetary retainer of $7,500.00 plus twenty-five (25) percent of ~~any amount over and above what was already offered of~~ the settlement proceeds and/or the "value" of any associated benefits. The percentage fee to which we shall be entitled shall not apply to anything that you have been offered prior to retaining us.

*compensation to be finalized on or about October 10, 2001*

Our hourly rate is $200.00. Instead of charging you the usual hourly fee, we will represent you on a contingency basis and will charge you THE HIGHER of the following amounts:

   a. twenty-five percent (25 %) of the gross amount paid or received as a result of any settlement, verdict or decision of any government agency, or

   b. attorney's fees awarded by the court if you prevail.

It is our policy to provide clients with the most effective support systems available and to allocate the costs of those systems in accordance with their usage. Consequently, in addition to fees for professional services, when

applicable, your billing statement will include costs incurred in the course of representation, such as long distance telephone, telefax, messenger services and other communication costs; filing fees; any deposition expenses; expert or other witness fees; travel costs; and document reproduction and retrieval costs, all of which shall be paid directly by you or reimbursed upon presentation of appropriate documentation.

Billing statements will be rendered as necessary or upon your request. Statements will not necessarily be issued on a monthly basis. They will include a detailed description of the services rendered and expenses incurred during the particular month. If you have any questions about the bill, please let us know promptly.

We specifically do not represent you under this agreement as to any appeals of judgments ~~or dispositive motions~~.

In retaining us, you understand and agree that:
1. There are no guarantees that our efforts on your behalf will be successful in terms of any specific monetary recovery or other relief;

2. We will have to make other financial arrangements in connection with any decision we may make as to potential appeals;

3. You have been offered the opportunity to retain us on the basis of our customary hourly fee of $200.00, but have declined and opted in favor of the arrangements described herein above;

4. We may withdraw as your counsel if the facts, as they are revealed in the course of this matter, indicate to us that your claim does not have the merit it now appears to have or you fail to meet your financial obligations.

5. In the event you do not find any settlement offer that we obtain for you to be satisfactory and/or you determine to retain other counsel to pursue your claims, we shall be paid on the basis of: (a) the percentage set forth herein if you subsequently accept such offer; or (b) the reasonable value of the services that we rendered to you, as determined if you do obtain a judgment or settlement.

By signing this engagement letter, you agree that we will take any steps necessary in the proper handling of your case. Those steps include, among other things, carefully investigating the facts of the matter, formulating legal strategy, filing the appropriate papers, and maintaining communication with you.

By your signature on this engagement agreement, you also understand that under Connecticut law we have a right to assert a lien against your files to secure payment of any unpaid amount you owe us. Further, you agree that in

the event we are discharged as your attorney, we shall have the right to intervene in the case to protect our fees earned at the time of the termination.

During the course of our discussion with you about handling this matter, we have provided you with certain estimates of the magnitude of the fees and expenses that will be required at certain stages of this litigation. I advise you that such estimates are just that, and that the fees and expenses required are ultimately a function of many conditions over which we have little or no control. The reason why we submit our client's bill shortly after the services are rendered is so that you will have a ready means of monitoring and controlling the expenses you are incurring. If you believe the expenses are mounting too rapidly, please contact us immediately so that we may assist you in evaluating how they might be curtailed in the future. When we do not hear from you, we may assume that you approve of the overall level of activity being conducted on your behalf.

Telephone. There will be times when we will be unavailable to speak on the telephone because of court appearances, conferences or other pressing matters. Please leave a message with our secretary or answering service. When leaving a message, please provide as much detail as you can. If it is imperative that you speak with us personally, we will make every effort to return the call to you within twenty-four hours of your call. If you do not hear from us, please call again. At our discretion we may make an audio recording of telephone communications and/or conferences with you in order to facilitate accurate record keeping and to serve you better.

Termination. You shall, at all times, have the right to terminate our service upon written notice to that effect. If you do, we shall be relieved from the responsibility of performing any further work on your case. We shall be entitled to intervene in this case as a party to protect my interest in the fee award. In such event, you agree that we may move to withdraw as your counselor in any case where we have made an appearance on your behalf, and that you will promptly execute any withdrawal motion required to accomplish this.

We shall have at all time the right to terminate our services upon written notice to that effect, in the event that you either fail to cooperate with us in any reasonable manner, to honor the terms of this agreement, or if we determine with reasonable discretion that to continue my services to you would be unethical or impractical.

If the foregoing conforms with your understanding of our agreement, please sign below where indicated on the enclosed copy of this letter and return same to us in the enclosed envelope along with a check for $7500.00 made payable to the Law Office of Paul M. Ngobeni.

If you have any questions concerning the agreement, please call before you sign.

Very truly yours,

Paul M. Ngobeni

Accepted and Agreed:

Name: STEVEN EDELMAN          Date AUGUST 21, 2001

Address: ROUTE FOURTEEN

WINDHAM CENTER, CT-06280

Telephone (860)  456 8550

EXHIBIT 4

JUNE 23, 2008 REMAND LETTER

# BROWN PAINDIRIS & SCOTT, LLP
## Attorneys at Law

RICHARD R. BROWN
NICHOLAS PAINDIRIS
RONALD T. SCOTT
JOHN D. MAXWELL
KATE W. HAAKONSEN
SEAN M. PEOPLES
CHRISTOPHER J. McCARTHY ‡
DAVID S. RINTOUL
J. LAWRENCE PRICE
ROBERT A. DeFRINO ‡
DAVID K. JAFFE
SIMON J. LEBO
CHESTER J. BUKOWSKI, Jr.
LOUIS W. FLYNN, Jr.
GREGORY F. ARCARO

———

JENNIFER L. OWENS
SALLY A. ROBERTS
CHRISTINE R. EDWARDS
W. ANTHONY STEVENS, Jr.

———

OF COUNSEL
DONALD L. HAMER †

———

‡ ALSO ADMITTED IN MA
† ALSO ADMITTED IN DC

100 PEARL STREET
HARTFORD, CONNECTICUT 06103
(860) 522-3343
FAX (860) 522-2490

www.bpslawyers.com

2252 MAIN STREET
GLASTONBURY, CT 06033
(860) 659-0700
FAX (860) 652-4382

———

42 EAST HIGH STREET
EAST HAMPTON, CT 06424
(860) 267-2044

June 23, 2008

Chief Clerk
Catherine O'Hagan Wolfe
US Court of Appeals for the Second Circuit
Daniel Patrick Moynihan U.S. Courthouse
500 Pearl Street
New York, NY 10007

**Re:    Edelman v. Page, 04-5825-cv**

Dear Ms. Wolfe:

Plaintiff/Appellant Steven Edelman filed a Motion for Summary Reversal on May 9, 2008. Attorney Berk filed supplementary information to Ms. Ann Vargas on May 13, 2008 for Defendants/Appellees Town of Windham.

After hearing nothing further from the Court, I checked PACER on June 19, 2008. The PACER docket indicated that the Court issued an Order on May 21, 2008. My office has not received this Order. On June 20, 2008, I checked with Defendant's Attorneys Berk and Spector and learned that they also have not received the Order.

Could you please send me the May 21, 2008 Order as soon as possible? I will promptly forward copies to Attorneys Berk and Spector, counsel for Defendant/Appellees.

Sincerely,

David K. Jaffe

DKJ/sar
CC:     Jon S. Berk, Esq.
        Elliot B. Spector, Esq.

EXHIBIT 5

NOVEMBER 23, 2005
EDELMAN AFFIDAVIT

JANUARY 11, 2006
EDELMAN AFFIDAVIT

# AFFIDAVIT

The undersigned, being duly sworn, deposes and says:

I, Steven Edelman, of Windham Center, Connecticut, attest that

1)  Edelman v. Page and Edelman v. Braxton pertain to civil rights infringements arising from my June 25, 1998 arrest for CGS 53a-116 Criminal Mischief in the Second Degree and from my July 2, 1998 arrest for CGS 29-263 Permit to Construct or Alter;

2)  Attorney Arthur Meisler represented me at trial in State v. Edelman;

3)  A jury acquitted me in State v. Edelman of the CGS 53a-116 charge on October 22, 1999 but convicted me of the CGS 29-263 charge carrying a sentence of ninety days in jail and a five hundred dollar fine;

4)  Attorney Meisler appealed the CGS 29-263 conviction to the Appellate Court;

5)  The Appellate Court remanded the case for new trial;

6)  After Attorney Meisler's death, I retained Attorney David Jaffe to represent me in State v. Edelman;

7)  After obtaining Supreme Court certification, the Supreme Court left the Appellate Court remand intact;

8)  I obtained an unconditional nolle prosequi on July 31, 2003 with actual dissolution of the CGS 29-263 charge occurring on October 24, 2003;

9)  On August 21, 2001, I retained Attorney Paul Ngobeni to represent me in civil rights actions Edelman v. Page and Edelman v. Braxton;

10)  I paid Attorney Ngobeni $1000.00 of a $7500 retainer on August 21, 2001 and the $6500.00 balance on September 20, 2001;

11)  Attorney Ngobeni subsequently never returned any of my telephone calls;

12)  I could converse with Attorney Ngobeni only if I physically located him at his office or residence;

13)  Attorney Ngobeni never responded to any of the approximately twenty written notes left at his office or residence when I did not succeed in finding him there;

14)  Attorney Ngobeni sent faxes or e-mails only rarely;

15)  Attorney Ngobeni made a total of about three telephone calls to me;

2

16) Attorney Ngobeni missed several scheduled meetings;

17) When I last saw Attorney Ngobeni at his office on January 6, 2003, he assured me that he had my cases under control;

18) Attorney Ngobeni failed to respond when I desperately needed to know on July 31, 2003 whether an unconditional nolle prosequi in the <u>State v. Edelman</u> criminal case constituted a "favorable outcome" for <u>Edelman v. Page</u> and <u>Edelman v. Braxton</u>;

19) The e-mail that Attorney Ngobeni finally sent on November 7, 2005, too late to do any good, indicated a court preference for a dismissal or acquittal over a nolle prosequi;

20) When numerous subsequent attempts to contact Attorney Ngobeni about proceeding with <u>Edelman v. Page</u> and <u>Edelman v. Braxton</u> did not succeed, I examined the Hartford District Court files for myself in early March, 2004 and discovered that
   a) the court had dismissed <u>Edelman v. Page</u> with prejudice on October 1, 2001 because the Connecticut courts had not rendered a decision in the underlying CGS 29-263 criminal prosecution;
   b) Attorney Ngobeni had done nothing at all with <u>Edelman v. Page</u>, including even filing an *Appearance*;
   c) Attorney Ngobeni had failed to respond to <u>Edelman v. Braxton</u> dismissal motions for defendants Cody, Wescott, Lescoe, and Foley; and
   d) Attorney Ngobeni had failed to respond to a May 28, 2002 <u>Edelman v. Braxton</u> dismissal for not paying an already paid security bond;

21) After conferring on March 18, 2005 with Attorney Jaffe about possible legal action against Attorney Ngobeni, I later in the day tracked down Attorney Ngobeni at his 422 Hills Street, East Hartford residence, where he assured me that he had my cases under control;

22) Attorney Ngobeni finally filed an <u>Edelman v. Page</u> *Appearance on March 31, 2004*;

23) Attorney Ngobeni finally filed an <u>Edelman v. Page</u> *Motion to Reopen* on March 31, 2004;

24) I learned through a District Court mailing about the August 4, 2004 denial of the March 31, 2004 <u>Edelman v. Page</u> *Motion to Reopen* as untimely;

25) Attorney Ngobeni filed an August 20, 2004 <u>Edelman v. Page</u> *Motion to Reconsider*;

26) I learned through a District Court mailing about the November 16, 2004 denial of the <u>Edelman v. Page</u> *Motion to Reconsider*;

27) Attorney Ngobeni finally filed an <u>Edelman v. Braxton</u> *Motion to Reopen* on August 20, 2004;

3

28) I learned through PACER on December 12, 2004 that the Court denied the <u>Edelman v. Braxton</u> *Motion to Reopen* on November 16, 2004;

29) Attorney Ngobeni filed December 14, 2004 *Notices of Appeal* for <u>Edelman v. Page</u>,04-5825 and <u>Edelman v. Braxton</u>,04-6675;

30) On February 8, 2005, I learned through PACER that Attorney Ngobeni had failed to file <u>Edelman v. Page</u> and <u>Edelman v. Braxton</u> 2nd Circuit Forms C and D even though I provided needed District Court *Orders* over two months before;

31) On June 11, 2005, I learned through PACER that the Circuit Court had on May 4, 2005 dismissed almost all of the <u>Edelman v. Page</u> and <u>Edelman v. Braxton</u> appeals as untimely;

32) Attorney Ngobeni failed to file <u>Edelman v. Page</u> and <u>Edelman v. Braxton</u> 2nd Circuit briefs despite telling me at his residence on April 23, 2005 that he had filed them;

33) On August 25, 2005, I learned through PACER that the Circuit Court had dismissed the remainder of <u>Edelman v. Page</u> on July 7, 2005 for failure to comply with the scheduling order;

34) On August 25, 2005, I learned through PACER that the Circuit Court had dismissed the remainder of <u>Edelman v. Braxton</u> on July 27, 2005 for failure to comply with the scheduling order;

35) Attorney Ngobeni has taken no action to obtain my $1000 in security bonds still held by the District Court despite my repeated requests and, ultimately, preparation in July, 2005 of motions to have the money returned;

36) I have had no contact with Attorney Ngobeni since April 23, 2005.

37) Finding new legal counsel to pursue the reopening of my dismissed <u>Edelman v. Page</u> and <u>Edelman v. Braxton</u> cases took me about two months.

Steven Edelman

STATE OF CONNECTICUT, County of Tolland

Steven Edelman personally appeared before me and attested to the truthfulness of the preceding statements on this twenty-third day of November, 2005.

Notary Public

My Commission Exp. Jan. 31, 2006

# AFFIDAVIT

The undersigned, being duly sworn, deposes and says:

I, Steven Edelman, of Windham Center, Connecticut, attest that

1)    Paragraph 21 in a November 23, 2005 Steven Edelman *Affidavit* states that

"After conferring on March 18, 2005 with Attorney Jaffe about possible legal action against Attorney Ngobeni, I later in the day tracked down Attorney Ngobeni at his 422 Hills Street, East Hartford residence, where he assured me that he had my cases under control";

2)    "2005" in Paragraph 21 in the aforementioned November 23, 2005 Steven Edelman *Affidavit* is a misprint; "2004" is the correct year;

3)    Paragraph 21 in the aforementioned November 23, 2005 Steven Edelman *Affidavit* should properly state that

"After conferring on March 18, 2004 with Attorney Jaffe about possible legal action against Attorney Ngobeni, I later in the day tracked down Attorney Ngobeni at his 422 Hills Street, East Hartford residence, where he assured me that he had my cases under control".

_____

Steven Edelman

STATE OF CONNECTUT, County of Windham

Steven Edelman personally appeared before me and attested to the truthfulness of the preceding statements on this eleventh day of January, 2006.

My Commission Expires
Jan. 31, 2010

Laurie Skiener, Notary Public

EXHIBIT 6a

DECEMBER 19, 2005
NGOBENI SUSPENSION

DISCIPLINARY COUNSEL    : SUPERIOR COURT

              : JUDICIAL DISTRICT OF
               HARTFORD

   VS.

PAUL NGOBENI         :

## ORDER

Upon presentation to this Court, and review of the Application for Order of
Interim Suspension, the Court finds that the application is in order, and orders that the
Respondent, Paul Ngobeni, be placed on Interim Suspension pursuant to Practice Book §
2-42 from the practice of law until further order of the Court.

The Court further appoints as trustee, under the provisions of Practice Book § 2-
64, Attorney JAY W. JACKSON, of Hartford
Connecticut during the period of the Respondent's interim suspension to inventory files,
secure the Respondent's clients' fund account, secure the general office accounts and
take such action as seems indicated to protect the interests of the Respondent's clients
and to provide an accounting to the Court.

Dated at Hartford, Connecticut this 19th day of ~~September~~, *December* 2005.

By the Court,

_____
JUDGE (BRYANT, J.)

*[handwritten margin note: having failed to appear at the continued hearing on this application]*

Office of the Chief Disciplinary Counsel
100 Washington St.
Hartford, CT 06106
Tel: 860-706-5055 Fax: 860-706-5063

EXHIBIT 6b

DECEMBER 27, 2005
DISCIPLINARY COUNSEL MEMORANDUM

## STATEWIDE GRIEVANCE COMMITTEE

NO. 05-0814

Stephen Edelman
      Complainant

Vs.

Paul Ngobeni
      Respondent

## PREHEARING MEMORANDUM OF DISCIPLINARY COUNSEL

**FACTS**

      Complainant employed Respondent to represent him in two federal civil rights claims. Respondent did little or nothing on either case. Complainant has hired a new law firm that is pursuing his litigation.

      Respondent failed to answer the complaint, as he has failed to answer several other cases filed at the same time by other clients. Disciplinary Counsel has brought an application for interim suspension. Respondent appeared at the first hearing on the interim suspension and explained that a divorce had sent him into a tailspin, but that he was pulling things together and felt that he would be able to continue to represent his clients. Judge Vanessa Bryant provided Respondent with a practice mentor and set certain goals for him to reach in turning his practice around. He failed to meet with the mentor, and on December 19, 2005, he was placed on interim suspension.

      Respondent seems to have left the area. Disciplinary Counsel has recently received information that he was operating out of a motel in Lowell Massachusetts. He is also admitted in Massachusetts. He apparently took some money from a woman in

Massachusetts to assist her in an immigration matter and failed to appear. Disciplinary

Counsel believes that Massachusetts will also place Respondent on suspension.

## POSITION OF DISICPLINARY COUNSEL

Disciplinary Counsel believes that there is no alternative here but that a

**PRESENTMENT** be ordered.

## TIME NECESSARY FOR HEARING

Complainant will testify. The matter should take approximately one-half hour.


Office of Disciplinary Counsel

_____

12/27/05
Date

By Mark A. Dubois
Chief Disciplinary Counsel

## CERTIFICATION OF SERVICE

I hereby certify that a copy of this memorandum has been mailed by first class mail to
Respondent at his last known business address and Complainant this day.


_____

Mark A. Dubois

EXHIBIT 6c

MARCH 13, 2006
DISCIPLINARY COUNSEL AFFIDAVIT



STATE OF CONNECTICUT
JUDICIAL BRANCH

COURT OPERATIONS DIVISION

CHIEF DISCIPLINARY COUNSEL'S OFFICE
Mark A. Dubois, *Chief Disciplinary Counsel*

*100 Washington Street*
*Hartford, Connecticut 06106*
*(860) 706-5055 Fax (860) 706-5063*
*E-Mail Disciplinary.Counsel@jud.ct.gov*

## AFFIDAVIT OF MARK A. DUBOIS

The undersigned, being duly sworn, deposed and stated as follows:

1. I am over the age of 18 and familiar with the obligations of an oath.

2. I am the Chief Disciplinary Counsel for the State of Connecticut Judicial Branch.

3. In my official capacity as Chief Disciplinary Counsel, I am familiar with disciplinary maters involving Connecticut–admitted attorneys.

4. I am familiar with Attorney Paul Ngobeni. Attorney Ngobeni is an attorney admitted in Connecticut who has 14 pending disciplinary matters before our office.

5. On December 21, 2005, Attorney Ngobeni was suspended on application from our office for neglect of his clients' files and other disciplinary problems. He has remained on suspension since then and will be so until further order of the court.

6. Attorney Ngobeni has advised our office that he has no malpractice insurance.

7. Attorney Ngobeni's disciplinary complaints are mainly focused on his abandonment of clients, failure to diligently pursue matters, and not communicating with his clients that matters have been dismissed.


Mark A. Dubois


Subscribed and sworn to before me this 13th day of March, 2006


Frank P. Blando
Commissioner of Superior Court

EXHIBIT 6d

JULY 27, 2006
DISCIPLINARY COUNSEL AFFIDAVIT

## AFFIDAVIT OF MARK A. DUBOIS

The undersigned, being duly sworn, deposed and stated as follows:

1.      I am over the age of 18 and familiar with the obligations of an oath.

2.      I am the Chief Disciplinary Counsel for the State of Connecticut Judicial Branch.

3.      This is to update my March 13, 2006 Affidavit.

4.      Since the time of that Affidavit, which detailed fourteen grievances filed against Attorney Ngobeni leading to the indefinite suspension of his law license and his flight to Massachusetts, six more clients have brought disciplinary charges against Attorney Ngobeni complaining of abandonment of them and other conduct while representing them.

5.      Attorney Ngobeni recently moved to Putnam, Connecticut. However, we have not been able to discuss his pending cases with him. The last we heard, he had gone to Africa to attend to family business.


Mark A. Dubois

_____

Subscribed and sworn to before me this 27th day of July, 2006.


_____

Commissioner of the Superior Court


Office of the Chief Disciplinary Counsel
100 Washington St.
Hartford, CT  06106
Tel: 860-706-5055 Fax: 860-706-5063

# EXHIBIT 6e

## OCTOBER 17, 2007
## NGOBENI DISBARMENT
*(Count 1 pertains to Edelman)*

HHD CV 06-4025725

| | |
|---|---|
| **DISCIPLINARY COUNSEL** | : **SUPERIOR COURT** |
| **V.** | : **JUDICIAL DISTRICT OF HARTFORD** |
| **PAUL NGOBENI** | : **OCTOBER 17, 2007** |

## ORDER

The foregoing presentment, having been heard, is hereby ORDERED:

1.    The Respondent has been defaulted and all allegations of misconduct are deemed to be true.

2.    The Respondent is hereby disbarred for a period of ~~seventeen (17)~~ *THIRTEEN 13* years, effective   *10-17-07*   .

3.    As a condition of reinstatement, the Respondent shall present a practice plan acceptable to the ~~Disciplinary Counsel~~ *COURT*, shall not be allowed to practice as a solo practitioner, and shall present proof of malpractice insurance coverage *SATISFACTORY TO THE COURT* and shall maintain such coverage at all times after he is reinstated.

4.    The Respondent shall present proof of restitution *AS A CONDITION OF REINSTATEMEN* as follows:

| | |
|---|---|
| Count One: | $7500.00; |
| Count Two; | $2500.00; |
| Count Four: | $650.00; |
| Count Six: | To be determined at the time of reinstatement; |
| Count Seven: | $7500.00; |
| Count Nine: | $2000.00; |
| Count Ten: | $2150.00; |
| Count Eleven | $1250.00; |
| Count Twelve: | $2675.00; |
| Count Thirteen: | $825.00; |
| Count Fourteen: | $1000.00 |

BY: _____

~~CLERK~~ / JUDGE

*10-17-07*

STATE OF CONNECTICUT
JUDICIAL DISTRICT OF HARTFORD
2007 SEP -7 P 3:38
COPY CERTIFIED

EXHIBIT 6f

NOVEMBER 28, 2007
NGOBENI RESIGNATION ACCEPTANCE

CV 06-4025725

| | | |
|---|---|---|
| DISCIPLINARY COUNSEL | : | SUPERIOR COURT |
| VS. | : | J. D. OF HARTFORD |
| PAUL NGOBENI | : | NOVEMBER 28, 2007 |

## ACCEPTANCE OF RESIGNATION AND WAIVER

After hearing had, and in accordance with Practice Book § 2-52, I hereby find

that Paul M. Ngobeni , Juris No.401506, has knowingly and voluntarily resigned from

the bar of the State of Connecticut and has knowingly and voluntarily waived the

privilege of applying for readmission to the bar at any time in the future. I hereby accept

the resignation and waiver, effective this date, November 27, 2007, conditional only

upon the receipt of the required report from the Statewide Grievance Committee.

Pursuant to Connecticut Practice Book §2-64, Attorney Nancy Martin shall

continue to act as trustee.

By the Court,

_____

SHORTALL, J.



EXHIBIT 6g


OCTOBER 23, 2006
CONNECTICUT LAW TRIBUNE ARTICLE

SEPTEMBER 27, 2006
NGOBENI ARREST WARRANT
*(first page only)*

# Lawyer Accused Of Forgery

## Police: neglected client discovered deceit

### By DOUGLAS S. MALAN

Charges of failure to pay child support may have been what police went to arrest suspended Putnam lawyer Paul Mpande Ngobeni for earlier this month. But now he's facing additional charges of forgery, larceny and the unauthorized practice of law, as well.

Paul Mpande Ngobeni, a former attorney for the Legal Aid Society of Hartford County, has posted a $5,000 cash bond in connection to the latter charges, but is being held at Hartford Correctional Center on $5,000 bond for his child support matters. Charges against him include one count of third-degree forgery and three counts of larceny in the third-, fourth- and sixth-degrees. He is scheduled to appear in Danielson Superior Court on Oct. 31.

Ngobeni, who also has 10 presentments and five new grievance cases against him, was admitted to practice in the state in December 1989. His indefinite suspension last December, ordered by Judge Vanessa L. Bryant for failing to appear at a present-ment, kick-started suspensions in Massachusetts and in federal courts where he routinely represented clients in immigration matters.

But the suspensions didn't keep him from allegedly collecting attorney's fees and filing paperwork for a client base that visited him at his two-story Cape Cod house at 182 Fox Road in Putnam. Prior to Ngobeni's arrest, clients would wait in their vehicles outside of his house to seek his counsel, according to a client's story told to Ngobeni's court-appointed trustee,' attorney Nancy E. Martin of Collins & Martin in Wethersfield.

"Attorney Ngobeni had developed a pattern of neglecting his clients' cases and either not communicating with them at all or misrepresenting the status of their matter," stated Division of Criminal Justice Investigator Richard E. Weiss in Ngobeni's arrest warrant affidavit.

Weiss discovered that Ngobeni had represented a client who wished to change her visa status due to her marriage. The woman paid Ngobeni $1,500 in attorney's fees to file a petition with the U.S. Bureau of Citizenship and Immigration Services. On July 26, the woman discovered through a telephone conversation with immigration officials that the agency didn't have her petition on file.

On Aug. 15, the woman requested a photocopy of the money order she made payable to the USCIS after learning that it had been cashed three months prior. The woman "observed that the 'pay to order' line had been changed to 'Paul M. Ngobeni' and the other writings had been traced over in order to help conceal the altering. …," Weiss stated.

Ngobeni couldn't be reached for comment last week.

CT Law Tribune    10/23/06

**ARREST WARRANT APPLICATION**

JD-CR-64b Rev. 10-04
C.G.S. § 54-2a
Pr. Bk. Sec. 36-1, 36-2, 36-3

**STATE OF CONNECTICUT**
**SUPERIOR COURT**
*www.jud.state.ct.us*

| FOR COURT USE ONLY |
|---|
| SUPPORTING AFFIDAVITS SEALED |
| ☐ YES      ☐ NO |

| AGENCY NAME | AGENCY NO. |
|---|---|
| Ofc of the State's Atty | WWM06-001 |

| NAME AND RESIDENCE *(Town)* OF ACCUSED | COURT TO BE HELD AT *(Town)* | G.A. NO. |
|---|---|---|
| Paul M. Ngobeni, Putnam, CT | Danielson | 11 |

### APPLICATION FOR ARREST WARRANT

TO: A Judge of the Superior Court

The undersigned hereby applies for a warrant for the arrest of the above-named accused on the basis of the facts set forth in the:   ☒ **AFFIDAVIT BELOW.**      ☐ **AFFIDAVIT(S) ATTACHED.**

| DATE AND SIGNATURE | DATE Sept. 26, 2006 | SIGNED *(Prosecuting Authority)* *Patricia M. Froehlich* | TYPE/PRINT NAME OF PROSECUTING AUTHORITY Patricia M. Froehlich |
|---|---|---|---|

### AFFIDAVIT

The undersigned affiant, being duly sworn, deposes and says:

1) I, Richard E. Weiss, am employed with the State of Connecticut Division of Criminal Justice since September 2001, as a D.C.J. Inspector. I am presently assigned to the Office of the State's Attorney for the Windham Judicial District. Prior, this affiant was a twenty five year veteran of the Waterford, Connecticut, Police Department. The affiant had held the rank of Detective and was assigned to the Detective Division where my duties included criminal investigations including serious felony crimes and lengthy investigations.

This affiant was acting in his official capacity as a member of the Division of Criminal Justice and the following facts and circumstances are stated from personal knowledge and observations as a result of my own investigation or information received from witnesses.

2) On Friday, May 12, 2006, Patricia Froehlich, State's Attorney for the Judicial District of Windham assigned this affiant to conduct an investigation into allegation that an individual was practicing law after his law license have been suspended in the State of Connecticut. State's Attorney Froehlich had received a complaint from Attorney Patricia King, from the State of Connecticut Judicial Branch, Court Operations Division, Chief Disciplinary Counsel's Office, in Hartford, CT, on May 5, 2006. The attorney involved was identified as Mr. Paul Ngobeni, of 182 Fox Road, in the Town of Putnam, CT. The Town of Putnam is within the Judicial District of Windham.

*(This is page  1  of a  7  page Affidavit.)*

OCT 2 5 2006

| DATE AND SIGNATURE | DATE September 26, 2006 | SIGNED *(Affiant)* *R Weiss* |
|---|---|---|
| JURAT | SUBSCRIBED AND SWORN TO BEFORE ME ON *(Date)* Setember 26, 2006 | SIGNED *(Judge / Clerk, Comm. Sup. Ct., Notary Public)* |

CERTIFIED COPY
SEAL AFFIXED

### FINDING

The foregoing Application for an arrest warrant, and affidavit(s) attached to said Application, having been submitted to and considered by the undersigned, finds from said affidavit(s) that there is probable cause to believe that an offense has been committed and that the accused committed it and, therefore, that probable cause exists for the issuance of a warrant for the arrest of the above-named accused.

| DATE AND SIGNATURE | SIGNED AT *(City or Town)* DANIELSON | ON *(Date)* SEP 2 7 2006 | SIGNED *(Judge / Judge Trial Referee)* | NAME JUDGE CALMAR |
|---|---|---|---|---|

EXHIBIT 7

EDELMAN V. BRAXTON
JULY 18, 2001 MOTION TO STAY

#10

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

STEVEN EDELMAN, Plaintiff      )    CIV. NO. 3:01CV1087 AVC

                           )

VS.                                )

                           )

LONNIE BRAXTON, ET AL, Defendants   )    JULY 17, 2001

### MOTION TO STAY PROCEEDINGS

The Plaintiff is a defendant-appellant in State v. Edelman,
AC 20145.  This Connecticut Appellate Court case relates
intimately to Edelman v. Braxton, as well as to Edelman v. Page,
3:00CV1166 DJS, a case filed on June 22, 2000.

The Plaintiff filed Edelman v. Page and Edelman v. Braxton
prior to the resolution of State v. Edelman to preclude the
occurrence of a time bar.  Heck v. Humphrey, 512 US 477 (1994)
Both State v. Edelman and Edelman v. Page should conclude before
Edelman v. Braxton proceeds.  A stay of proceedings would promote
judicial economy, conserve litigant resources, and encourage case
settlement.

WHEREFORE, the Plaintiff petitions this District Court to
stay all proceedings in this case, including orders, pleadings,
and discovery, pending a resolution of State v. Edelman and
Edelman v. Page.

DENIED.

DOMINIC J. SQUATRITO
UNITED STATES DISTRICT JUDGE

CERTIFICATION

I hereby certify that a copy of the above was mailed or
delivered on July 28, 2008 to all counsel of record.

Jon S. Berk, Esquire
Gordon, Muir, and Foley, LLP
Hartford Square North
Ten Columbus Boulevard
Hartford, Connecticut 06106-5123


Elliot Spector, Esquire
Noble, Spector, Young, and O'Connor, P.C.
One Congress Street
Fourth Floor
Hartford, Connecticut 06114-1067


_____
Jeremy D. Booty