# UNITED STATES DISTRICT COURT
# DISTRICT OF CONNECTICUT

STEVEN EDELMAN,
   *Plaintiff*,

   v.

DAVID PAGE, *et al.*,
   *Defendants*.

No. 3:00-cv-01166 (JAM)

## ORDER DENYING MOTION FOR RECONSIDERATION

Plaintiff Steven Edelman has filed a *pro se* motion for reconsideration of the Court's order denying his post-judgment motion for relief. Doc. #376; *Edelman v. Page*, 2018 WL 3435065 (D. Conn. 2018). Courts do not grant motions for reconsideration absent a showing that a prior decision was clearly erroneous, overlooked controlling facts or law, or would otherwise result in manifest injustice unless subject to reconsideration. *See Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995); *Virgin Atl. Airways, Ltd. v. Nat'l Mediation Bd.*, 956 F.2d 1245, 1255 (2d Cir. 1992). Plaintiff asserts numerous grounds for reconsideration, and the Court will consider each argument in turn.

First, plaintiff complains that the Court's prior order improperly relied on defendant's opposition despite the fact that the opposition memorandum was filed two days beyond the 21-day deadline that is specified under the Court's local rules for the filing of an opposition to a motion. *See* D. Conn. L. Civ. R. 7(a)(1). A court has authority to extend filing deadlines, and good cause doubtlessly existed to allow for a two-day extension of time in view of the factual complexity of plaintiff's motion and in view of its being filed post-appeal when defendant could reasonably have assumed the litigation to have come to a close. Moreover, plaintiff does not show that the two-day delay in defendant's filing caused him any prejudice. In addition, even if

the Court disregarded defendant's opposition memorandum, the Court would reach the same decision to deny plaintiff's motion for post-judgment relief for the reasons explained in the Court's prior order. *See Edelman*, 2018 WL 3435065, at *4–*6.

Plaintiff next argues that the Court "abrogated its duty to enforce its own recusal order." Doc. #377 at 5. This argument overlooks the wording of the Court's order to show cause. The order stated that "[i]f any party has any basis to believe that Judge Meyer" has a basis for recusal, then such party shall file a statement or memorandum describing the basis for recusal. Doc. #355. The order was conditional ("if"), and in the absence of any response by plaintiff and his decision instead to negotiate a settlement agreement (all as described at length in the prior ruling), the Court assumed correctly that plaintiff had no good faith basis for recusal. The Court did not abrogate a duty to enforce its order.

Plaintiff next argues that the Court "applied an incorrect legal standard based upon scienter rather than an appearance of partiality," and that "[t]he Court improperly denied relief based on not remembering events that a reasonable person would perceive as an appearance of partiality." Doc. #377 at 8, 11. The Court adheres to the analysis of its prior ruling that applied the proper "reasonable person" legal standard under 28 U.S.C. § 455(a) and that considered the application of that standard in light of a post-judgment motion for relief as discussed by the Supreme Court in *Liljeberg v. Health Servs. Acquisition Corp.*, 486 U.S. 847 (1988).

The Court's prior order discussed at length why the facts that were actually known or reasonably should have been known to the Court would not lead a reasonable person to question the Court's impartiality. *See Edelman*, 2018 WL 3435065, at *5–*6. The Court further explained why, in any event, a grant of relief at this late stage would not be warranted even if there had been valid grounds for recusal at an earlier point in the litigation. *See id.* at *6; *see also Parker v.*

*Connors Steel Co.*, 855 F.2d 1510, 1525–26 & n.17 (11th Cir. 1988) (applying *Liljeberg* factors to conclude that any error was harmless from judge's failure to recuse in view that judge's summary judgment ruling was subject to *de novo* appellate review and affirmed).

Plaintiff next appears to argue that recusal was warranted because plaintiff's former counsel, Kevin Smith, was my "protégé." Doc. #377 at 10, 13. Attorney Smith is one of hundreds of former students that I taught at Quinnipiac University School of Law before I became a judge. I have not had any other relationship with Attorney Smith, and he was not my protégé. Moreover, the docket sheet reflects that Attorney Smith's representation of plaintiff in this case terminated in October 2010, more than three years before I became a judge and before plaintiff's case was transferred to my docket in April 2014. *See* Docs. #139, #169, #284. Although plaintiff states his unhappiness with the quality of Attorney Smith's services, he does not explain why any connection to Attorney Smith required my recusal in this case.

Plaintiff also argues that, because he attended college at Yale, a reasonable person would have expected me to remember in 2014 that I met him fifteen years earlier in 1999 when I worked as a prosecutor. Most of my educational and professional life has been on the campus of Yale University or at offices several blocks away in downtown New Haven, Connecticut. For decades I have dealt with scores upon scores of Yale graduates. The fact that plaintiff or anyone I meet has attended Yale is no reason for the person to stand out in my mind or reason for special consideration.

Lastly, plaintiff disputes the Court's conclusion that "plaintiff was aware of most or all of his alleged grounds for recusal throughout the time that the case was on my docket beginning in April 2014" but "failed to call it to the parties' or my attention." *Edelman*, 2018 WL 3435065, at *5. The Court stands by its prior ruling. In any event, if it were true as plaintiff insists that he

was *not* aware of the alleged grounds for recusal at an earlier time, this lack of knowledge on plaintiff's part would only further confirm the Court's conclusion that neither would a reasonable person have expected the Court itself to have been aware of these grounds.

Plaintiff's motion for reconsideration (Doc. #377) is DENIED.

It is so ordered.

Dated at New Haven this 27th day of December 2018.

/s/*Jeffrey Alker Meyer*
Jeffrey Alker Meyer
United States District Judge